This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40773**

**LABOR RELATIONS DIVISION OF THE NEW MEXICO DEPARTMENT OF WORKFORCE SOLUTIONS,**

Plaintiff-Appellee,

v.

**THE 505 BURGERS, LLC; THE 505 BURGERS FARMINGTON, LLC; and MORGAN L. NEWSOM, individually,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Robert A. Aragon, District Court Judge**

N.M. Department of Workforce Solutions
Richard L. Branch
Albuquerque, NM

for Appellee

Geiger Law Firm, LLC
Mark P. Geiger
Albuquerque, NM

for Appellants

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** The 505 Burgers Company and its owner Morgan Newsom (collectively, Defendants), appeal from a district court judgment awarding Plaintiff damages under the

Wage Payment Act. We issued a calendar notice proposing to affirm. Defendants have responded with a memorandum in opposition. We affirm.

**{2}** The dispositive issue in this appeal is whether the lawsuit was barred under the applicable statute of limitations, which states,

> A civil action to enforce any provision of Chapter 50, Article 4 NMSA 1978 shall be commenced within three years after a violation last occurs. The three-year period shall be tolled during a labor relations division of the workforce solutions department investigation of an employer.

NMSA 1978, § 37-1-5 (2009).

**{3}** Here, the parties acknowledged that the limitations period began to run in February 2015. [MIO 5] The wage claims were filed in April 2017, at which point approximately two years and two months of the limitations period had run. [RP 261, FOF No. 13] The Department of Workforce Solutions (DWS) wage claim investigation concluded in February 2020. [RP 261, FOF No. 14] The district court complaint was filed in October 2020. [RP 1] The eight-month delay between the conclusion of the investigation and the filing of the complaint, when combined with the preinvestigation delay, means that the limitations period had run for a total of two years and ten months. The limitations period set forth in Section 37-1-5 had therefore not yet run when the complaint was filed.

**{4}** Defendants point out that DWS stayed their investigation for a period of nineteen months, from June 2017 through the end of December 2018. [DS 3] This period of stay is consistent with the district court findings, which state that the investigation began in January 2019 and concluded in February 2020. [RP 261, FOF No. 14] Defendants argue that the tolling period should not commence on the filing of the claim, but instead should be triggered when DWS actively works on the case. In other words, they would like the nineteen-month delay to be part of the running of the limitations period. Here, the district court deferred to DWS's longstanding construction of Section 37-1-5, which is to begin the tolling period at the time the wage complaint is filed. [RP 262, FOF No. 17] This conclusion is consistent with the general rule of statutory construction that we do not read language into a statute that is not there—in this case an alleged requirement that tolling does not begin until DWS actively looks into the complaint. *See State v. Penman*, 2022-NMCA-065, ¶ 21, 521 P.3d 96 (stating that this Court will not read language into a statute that is not there). As such, we conclude that the limitations period was satisfied in this case.

**{5}** For the reasons set forth above, we affirm.

**{6}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**